UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CHARLES E. SWEENEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00145-JRS-DLP |
| | ) | |
| JEREMY T. MULL, | ) | |
| SUSAN POPP, | ) | |
| | ) | |
| Defendants. | ) | |

**Order on Various Motions**

*Pro se* Plaintiff Charles Sweeney is an inmate at Wabash Valley Correctional

Facility.  He sued Clark County Prosecutor Jeremy Mull, Clark County Clerk Susan

Popp, and Clark County itself, alleging that his Fourteenth Amendment rights were

violated by Defendants' failure to serve him with copies of the State's objections to

his motions for post-conviction relief.  (Am. Compl. ¶ 10, ECF No. 7.)  The County was

previously dismissed.  (ECF No. 44.)  Presently before the Court are Mull's Motion to

Dismiss, (ECF No. 32), and various Motions filed by Sweeney, (ECF Nos. 41, 43, 55,

56, 57, 63, 64).  The Court grants the Motion to Dismiss, (ECF No. 32), and addresses

Sweeney's motions in turn.

**Discussion**

Sweeney alleges that Mull failed to serve him with copies of the State's objections

to three of Sweeney's motions for post-conviction relief: (1) Motion to Reopen Criminal

Proceedings Under Trial Rule 60(b)(7), (2) Motion to Correct Erroneous Sentence, and

(3) Motion for Credit Time.  (Am. Compl. ¶ 10, ECF No. 7.)  Sweeney further alleges

1

that Mull falsely certified that copies of these documents were served. (*Id.* at ¶ 11.) The Court accepts these allegations as true. *Smith v. Power*, 346 F.3d 740, 741 (7th Cir. 2003). However, Mull is entitled to absolute immunity for these acts.

"[P]rosecutors are absolutely immune from liability under [42 U.S.C.] § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (citations omitted) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976)). "A prosecutor is shielded by absolute immunity when he acts 'as an advocate for the State' but not when his acts are investigative and unrelated to the preparation and initiation of judicial proceedings." *Smith*, 346 F.3d at 742 (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).

Mull's conduct in preparing and serving—or failing to serve—the State's objections to Sweeney's motions for post-conviction relief was done in Mull's role "as an advocate for the State" and is "intimately associated with the judicial phase of the criminal process." *Id.*; *Imbler*, 424 U.S. at 430–31. In opposing Sweeney's motions, Mull was representing the State's position as to whether Sweeney's case should be reopened or his sentence should be adjusted. "The state's attorney is performing a prosecutorial duty when she helps the court ascertain the appropriate sentence for a particular defendant, and she continues to do so when defending that sentence if it is challenged." *Lucien v. Preiner*, 967 F.2d 1166, 1167 (7th Cir. 1992) (holding that prosecutor was entitled to absolute immunity in arguing against granting a defendant executive clemency). And "the preparation and filing of" documents are

"part of the advocate's function as well," so long as the prosecutor is performing the traditional functions of an advocate when doing so, as Mull was. *Kalina v. Fletcher*, 522 U.S. 118, 129–31 (1997) (prosecutor entitled to absolute immunity for preparing and filing documents, but not for personally swearing to the truth of facts establishing probable cause, which was the function of a witness, not a lawyer).

Sweeney is correct that prosecutors are not entitled to absolute immunity when performing administrative duties.  (Pl.'s Resp. 3–4, ECF No. 38); *see, e.g.*, *Van de Kamp v. Goldstein*, 555 U.S. 335, 342–44 (2009).  But the courts have made clear that Mull's actions as alleged here were not administrative.  *Goldstein*, 555 U.S. at 344 (distinguishing between administrative obligations that are "directly connected with the conduct of a trial" and require "legal knowledge and the exercise of related discretion" and those administrative duties concerning "workplace hiring, payroll administration, the maintenance of physical facilities, and the like"); *Smith*, 346 F.3d at 743 (concluding prosecutor was entitled to absolute immunity for "preparing, signing, and sending" notice that property was uninhabitable and would be demolished); *Kalina*, 522 U.S. at 129–31 (absolute immunity for "preparation and filing" of documents).  And other courts have found absolute immunity in situations nearly identical to the one here.  *See, e.g.*, *Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993) (prosecutor entitled to absolute immunity for failure to notify plaintiff of a hearing date, in violation of state law; rejecting argument that "the duty to notify was an investigative or administrative duty"); *Brooks v. George Cnty.*, 84 F.3d 157, 167–68 (5th Cir. 1996) (prosecutor entitled to absolute immunity for failure

to provide plaintiff's counsel with motion dropping charges; "the prosecutor's acts through his assistant of requesting that the court enter an order of nolle prosequi of [the plaintiff's] criminal charges, of having an order prepared for the court that memorialized the same, and the forwarding of such order to the clerk for filing are all prosecutorial activities 'intimately associated with the *judicial* phase of the criminal process.'"). Mull's role was that of an advocate, not an investigator or administrator, so he is entitled to absolute immunity.

Further, dismissal of Sweeney's claim against Mull at the motion-to-dismiss stage is appropriate. (*See* Pl.'s Resp. 2, ECF No. 38.) Courts frequently grant Rule 12(b)(6) motions on such grounds, and the contrary cases Sweeney cites are inapposite. *See, e.g.*, *Smith*, 346 F.3d at 741–43 (affirming dismissal of complaint with prejudice on absolute immunity grounds); *cf. Alvarado v. Litscher*, 267 F.3d 648, 651–52 (7th Cir. 2001) (dismissal at pleading stage on *qualified* immunity grounds is often inappropriate because qualified immunity "usually depends" on the facts of the case).

Next, the Court addresses the several motions Sweeney has filed. First, Sweeney filed a Motion to Strike, (ECF No. 41), requesting that the Court strike a portion of Mull's brief and the copy of the state court docket Mull attached as an exhibit to the Motion to Dismiss, (ECF No. 32-1). Sweeney claims that these items are "immaterial to the question" of whether Mull has absolute immunity, (Mot. Strike 2, ECF No. 41), but Mull uses them to argue that Sweeney's complaint is factually insufficient and to show "why service of a pleading is precisely the type of action that absolute immunity seeks to immunize," (Mull's Mem. 5, ECF No. 33). Thus, these items are not

immaterial.  Sweeney's Motion to Strike, (ECF No. 41), is **denied**.

Sweeney also filed a Motion for Judicial Notice, (ECF No. 43), asking the Court to take judicial notice of the fact that Mull has not completed any of Sweeney's discovery requests.  Because the Court later stayed discovery as to Mull, (ECF No. 52), the Motion is **denied as moot**.

Sweeney also filed a Motion to Correct Discrepancies, (ECF No. 56), pointing out that docket entry 38, Sweeney's Response in Opposition to Mull's Motion to Dismiss, indicates that it is in response to docket entry 36, when it is actually in response to docket entry 32.  This Motion is **granted**.  The Clerk shall update docket entry 38 to reflect that it is in response to docket entry 32, not entry 36.  Sweeney is assured that despite this clerical error, the Court considered his Response in Opposition, (ECF No. 38), when granting Mull's Motion to Dismiss.

Sweeney also filed a Motion for Hearing, (ECF No. 57), requesting that the Court schedule a hearing on Mull's Motion to Dismiss.  The Court considered this Motion and concluded that a hearing would not aid its decision making.  This Motion is **denied**.

Sweeney's Motion to Amend Complaint, (ECF No. 55), and Motion to Compel, (ECF No. 63), pertain to his claims against Defendant Susan Popp.  These Motions are still under the Court's consideration and will be addressed by separate order.

Finally, Sweeney filed a Motion to Deny Defendant's Motion to Dismiss.  (ECF No. 64.)  The Court understands this as a response in opposition to Mull's Motion to Dismiss, rather than a separate Motion, and considered it as such.  The Motion is

**denied**.

## Conclusion

Mull's Motion to Dismiss, (ECF No. 32), is **granted**. The Court previously dismissed Sweeney's claim for injunctive relief without prejudice. (ECF No. 10.) The Court now **dismisses** Sweeney's claim against Mull for damages **with prejudice**. *See Bogie v. Rosenberg*, 705 F.3d 603, 616 (7th Cir. 2013) (dismissal with prejudice is appropriate when amendment would be futile). However, Sweeney's Complaint also requests declaratory relief, (Am. Compl. ¶¶ 4, 15, ECF No. 7), but it is unclear whether Sweeney wishes to pursue that claim against Mull, or if he intended to do so solely against Clark County, which has been dismissed. Neither Party has addressed the issue. Sweeney is **ordered to show cause** as to whether he intends to pursue a claim for declaratory relief against Mull, and, if so, why such a claim should not be dismissed, particularly in light of this Court's previous Order dismissing Sweeney's claims for injunctive relief, (ECF No. 10). *See Milchtein v. Chisholm*, 880 F.3d 895, 898–99 (7th Cir. 2018) (citation omitted) ("[W]e know from *Samuels v. Mackell*, 401 U.S. 66, 69–73 (1971), that *Younger* applies to requests for declaratory judgments as well as to requests for injunctions."). Sweeney shall have until **February 18, 2022**, to do so; Mull's response is due by **March 4, 2022**.

Sweeney's Motion to Strike, (ECF No. 41), Motion for Hearing, (ECF No. 57), and Motion to Dismiss, (ECF No. 64), are **denied**. His Motion for Judicial Notice, (ECF No. 43), is **denied as moot**. The Motion to Correct Discrepancies, (ECF No. 56), is **granted**. The Clerk is **directed** to update docket entry 38 to reflect that it is in

response to docket entry 32, not entry 36.

**SO ORDERED.**

Date: 1/11/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHARLES E. SWEENEY, JR.
957595
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Eric Antonio Pagnamenta
INDIANA ATTORNEY GENERAL
eric.pagnamenta@atg.in.gov